IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORBERT A. SCHEULLER,

      Plaintiff,

  vs.                                    CIVIL NO.   11-955 MCA/LFG

EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES,
LLC; TRANS UNION LLC; WELLS
FARGO & CO., dba Wells Fargo Bank,
N.A., dba Wells Fargo Home Mortgage,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR RECUSAL OR DISQUALIFICATION

### Introduction

THIS MATTER is before the Court on Plaintiff Norbert A. Schueller's ("Schueller") Opposed Motion & Affidavit for Recusal or Disqualification of Magistrate Judge Lorenzo F. Garcia, filed January 23, 2012. [Doc. 42]. On January 26, 2012, Defendant Wells Fargo Bank, N.A. filed a response. [Doc. 43.] Schueller noted the other Defendants opposed his motion. There is no need for additional responses or briefing. After careful consideration of the pertinent law and the pleadings, the Court denies Schueller's motion for the reasons set out below.

Schueller's motion for recusal and to disqualify the Magistrate Judge is directed to "the Chief Judge of the U.S. Court of Appeals for the 10th Circuit." [Doc. 42, p. 2, ¶ 3]. However, federal law provides that when an affidavit to disqualify a judge is filed, the judge sought to be disqualified must first pass on the sufficiency of the affidavit, compliance with the statute, and timeliness of the filing.

Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975).  *See* Burleson v. Sprint Pcs Group, 123 F. App'x 957, 960 (10th Cir. Mar. 1, 2005) (unpublished) (Tenth Circuit advised that the plaintiff cited no authority, and it knew of none, requiring a different judge to act on a recusal motion).  *See also*, Berger v. United States, 255 U.S. 22, 32 (1921) (it "is imposed upon the judge the duty of examining the affidavit to determine whether or not it is the affidavit specified and required by the statute and to determine its legal sufficiency"); Nat'l Auto Brokers Corp. v. General Motors Corp., 572 F.2d 953, 958 (2d Cir.1978) ("a judge has an affirmative duty to inquire into the legal sufficiency of such an affidavit and not to disqualify himself unnecessarily ..."), *cert. denied*, 439 U.S. 1072 (1979); United States v. Haldeman, 559 F.2d 31, 131 (D.C. Cir.1976) ("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."), *cert. denied*, 431 U.S. 933 (1977).

## Pertinent Legal Standards

The federal Code of Conduct for judges provides that a judge should perform the duties of the office impartially and diligently.  Code of Conduct for United States Judges, Canon 3.  This obligation imposes a responsibility on a judge to hear and decide matters assigned, unless the judge is disqualified from carrying out that responsibility.  Just as a judge has this duty, he or she has a corresponding obligation to recuse in instances where there exists either a statutory responsibility to do so, or, alternatively, where the judge's impartiality might reasonably be questioned.

The Tenth Circuit Court of Appeals has explained that "disqualification [of a judge] is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality."  United States v. Mendoza, 468 F.3d 1256, 1261 (10th Cir. 2006) (*quoting* In re McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004)).

There are two statutory provisions relating to a judge's disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. The Court addresses each standard.

### A.     28 U.S.C. § 144

Under 28 U.S.C. § 144, a judge is to recuse himself when "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him, or in favor of any adverse party." An affidavit filed in accordance with § 144 is strictly construed against the affiant, and the moving party has a substantial burden in establishing the judge is not impartial. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992). The § 144 affidavit must state the facts and reasons supporting the request, and must be filed in a timely manner. *See, e.g.*, Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987) ( motion to recuse must be filed promptly after the allegedly disqualifying facts are discovered).

The Magistrate Judge was one of two judges assigned to this case on October 25, 2011. Thus, Schueller knew from the date the Complaint was filed the identity of the trial judge, as well as the identity of the referral magistrate judge. Schueller, however, did not file his affidavit for 89 days after the assignment of judges in this matter. Therefore, a question exists as to whether the affidavit is timely and whether the motion should simply be denied based on untimeliness.

Schueller's concerns about the undersigned Magistrate Judge stem from a Fed. R. Civ. P. 16 scheduling conference conducted on January 12, 2012. He filed his affidavit 11 days from the completion of that conference. Thus, while a judicial officer may reasonably question the timeliness of the affidavit, the Court concludes that the affidavit, under these circumstances, was timely.

The Court turns to each of Schueller's expressed concerns with the Magistrate Judge's conduct.

3

       1.      <u>Condescending Greeting and Handshake</u>

Schueller contends that the Magistrate Judge gave a "condescendingly reluctant greeting & sign handshake." [Doc. 3, at 3.] While Schueller thereafter speculates as to the meaning of the perceived "condescendingly reluctant greeting and handshake," such actions, even if true, fail to support a claim that the judge has a bias or prejudice against Schueller. No detail is provided concerning why Schueller believed the judge's greeting was reluctant or why the handshake was anything out of the ordinary, common courtesy extended to counsel and litigants. *See, e.g.,* <u>Baker v. Simmons</u>, 65 F. App'x 231, 237 (10th Cir. May 6, 2003) (unpublished) (even judicial remarks made during a trial that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge").

The first basis for the claim to recuse fails for lack of specificity, evidence or proof of interest or bias.

       2.      <u>Hostility Towards a *Pro Se* Litigant</u>

Schueller also contends that the Magistrate Judge's request that Schueller remove his briefcase from the table evidences hostility towards a *pro se* litigant. Schueller claims he was reprimanded for placing a briefcase on a conference table. He is partially correct. The Magistrate Judge politely directed Schueller, similar to any other party or attorney, to remove his briefcase from the table to avoid damaging the table.[1]

Nothing in that directive demonstrated bias or prejudice. Thus, this claim does not support recusal or disqualification of the Magistrate Judge.

---

[1] Briefcases with metal corners or briefcases with metal studs can cause unsightly and expensive-to-repair damage to courtroom counsel tables or conference tables when the trial or briefcase is moved across the plane. As a result, signs are placed in virtually all the district's courtrooms, alternative dispute resolution suites, and conference rooms, requesting that briefcases not be placed on the table.

3.     Intimidation

Schueller next complains that the Magistrate Judge attempted to intimidate him to withdraw a claim--specifically, his claim of defamation. [Doc. 42, at 4-5.]

A judge has a responsibility under the Civil Justice Reform Act, 28 U.S.C. § 471, *et seq.*, to reduce the costs of litigation and to expedite the ultimate disposition of cases.  Moreover, Fed. R. Civ. P. 16(c)(2)(A) requires that the court discuss the claims and defenses in an effort to determine if a case can be streamlined or narrowed to expedite the resolution of the case.

Here, the Magistrate Judge inquired of Schueller if he claimed actual damages associated with the defamation claim, and upon learning there were no actual damages, the Court referred Schueller to the seminal New Mexico Supreme Court case, Marchiondo v. Brown, 98 N.M. 394, 401-03 (1982).  Marchiondo made clear that liability for defamation is limited situations where there is evidence of  actual damages.

The Court recommended that Schueller review Marchiondo and consider withdrawal of the claim, if there were no actual damages stemming from the alleged defamatory publication.  A Magistrate Judge, however, has no authority to direct the dismissal of a claim.  Either a party can voluntarily dismiss a claim that has no merit, or the trial judge can make that determination.

The Court rejects the argument that its appropriate suggestion to consider withdrawal of a claim, based on well-established case law, is evidence of bias or prejudice.

4.     Pre-Judging the Case

Schueller also contends that the Court's inquiry as to whether he reaffirmed a debt in accord with the requirements of 11 U.S.C. § 524 constitutes a "pre-judgment of the first order." [Doc. 42, at 5.]

As explained before, the Court's responsibility under the CJRA and Rule 16 is to question counsel and/or parties concerning the claims and defenses in an effort to determine whether they can be narrowed, thereby expediting the ultimate disposition of the case. It is the trial judge who will make the determination on the law, and the fact finder who will make the determination on the facts. The Magistrate Judge is in no position to pre-judging the outcome of this litigation. Therefore, the Court rejects Schueller's pre-judging the case claim.

     5.    <u>Demeanor</u>

Schueller's final claim concerns his perception of the Magistrate Judge's demeanor. [Doc. 42, at 7-8.] He states, "*On information & belief*: I have been informed that this judge is one who touts the New Mexico *Creed of Professionalism . . . .,*" [and] [i]nstead of acting [in accord with the Code of Professionalism] "this judge has a [sic] and acts in a demeanor the more [sic] befits a stalag camp commander or a Marine Corps drill instructor." [<u>Id.</u>, at 8] (emphasis in original).

This conclusory accusation or perception does not constitute evidence of bias or partiality. Moreover, all of Schueller's complaints arise out of and in the course of a judicial proceeding. A judge's bias or prejudice must stem from an extra judicial sources. *See, e.g.,* <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) (opinions formed by a judge on the basis of facts introduced in the course of a current legal proceeding do not constitute a basis for a bias or partiality motion; even judicial remarks that are critical or disapproving of, or even hostile to parties or their cases, ordinarily do not support a bias or partiality challenge; however, they may do so if they reveal an opinion that derives from an extrajudicial source.) *See also* <u>In Re American Reddi Mix, Inc.</u>, 14 F.3d 1497, 1501 (10th Cir.) (allegation of personal bias must be based on an "extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case"), *cert. denied*, 513 U.S. 818 (1994).

Thus, none of Schueller's claims raised in the § 144 affidavit establish bias or provide a basis for recusal. *See* Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (rumor, speculations, opinions doe not suffice to show bias). Similarly, an affiant's "conclusions . . . beliefs, and opinions are not sufficient to form a basis for disqualification." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

### B.    28 U.S.C. § 455

Title 28 U.S.C. § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Tenth Circuit has held, "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir.), *cert. denied,* 530 U.S. 1268 (2000). However, "[i]n applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (internal citations omitted). Moreover, § 455(a) is "not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." Id.

After consideration of Schueller's request and a review of all grounds raised, the Court concludes that no reasonable person would believe that the undersigned Magistrate Judge's impartiality might be reasonably questioned.

### Conclusion

IT IS THEREFORE ORDERED that Norbert A. Schueller's Opposed Motion and Affidavit for Recusal or Disqualification of Magistrate Judge Lorenzo F. Garcia is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge