IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NORBERT A. SCHEULLER,

               Plaintiff,

vs.                                          CIVIL NO.   11-955 MCA/LFG

EXPERIAN INFORMATION SOLUTIONS,
INC.; EQUIFAX INFORMATION SERVICES,
LLC; TRANS UNION LLC; and WELLS
FARGO & CO., dba Wells Fargo Bank,
N.A., dba Wells Fargo Home Mortgage,

               Defendants.

## REPORT AND RECOMMENDATION[1]

THIS MATTER is before the Court on Plaintiff Norbert A. Schueller's ("Schueller")

Opposed Motion for Sanctions Against Wells Fargo & Its Colorado Attorneys Under Rule 11(b)(1),

(2), (3) Fed. R. Civ. P. [Doc. 48], and an Order of Reference [Doc. 53].  The Court considered the

motion, Wells Fargo's response [Doc. 56] and Schueller's reply [Doc. 58].

Schueller filed suit against various credit reporting agencies and Wells Fargo, alleging

violations of credit reporting requirements and asserting various common law claims.  Wells Fargo

moved to dismiss.

---

[1]**Within fourteen (14) days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.  *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).**

**Background**

Schueller seeks to have the Court impose Fed. R. Civ. P. 11 sanctions on Defendant Wells Fargo and its attorneys because they filed a motion to dismiss Schueller's lawsuit. The motion vexed Schueller who believes that neither Wells Fargo nor its attorneys understand bankruptcy law. Because of their alleged misunderstanding of law, Schueller contends that Wells Fargo and its attorneys made false and defamatory reports to credit reporting agencies about Schueller's bankruptcy and effect of the bankruptcy discharge, and had the "mendacity" to file a motion to dismiss. Schueller further contends that since Well Fargo's attorneys signed the motion to dismiss, they are, in effect, making misrepresentations to the Court in violation of Rule 11(b).[2]

**Rule 11**

Rule 11 provides:

> (b) By presenting to the court a pleading, written motion or other paper –whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

___

[2]Schueller asserts that Wells Fargo "falsely reported" [Doc. 48 at 1, (a)], "falsely reverified" [id.], engaged in "misconduct" [id. at 4], "mischaracterized the complaint" [id.], made "contortionistic distortion" of words [id. at 5], was "factually untruthful" [id.], "promulgated mendacities" [id.], and "contort[ed] the real facts" [id. at 6]. According to Schueller, Wells Fargo's position is "patently & preposterously absurd, ridiculous and untrue" [id. at 8], "Wells Fargo's position ... is an anathema to ... our judicial system [id., at 7], Wells Fargo acts as if "it is above the law and entitled to . . . disregard the law(s)" [id. at 8,9] and acts like a "bully" [id. at 8]. Schueller further argues that "dishonesty [is] in the DNA of Wells Fargo" [id. at 9], Wells Fargo made "fraudulent disclosures" [id. at 9], has a history of "predatory lending" [id.], "abuses the legal process [id.], perpetuates lies" [id.], presents a position that is "founded on . . . falsehoods" [id.], and the Court should "not tolerate litigants and their counsel who abuse legal process to perpetuate lies" [id.].

2

argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

### Analysis

Based on a review of Wells Fargo's Motion to Dismiss, the Court reaches the following conclusions: Wells Fargo's Motion to Dismiss is not presented for any improper purpose; the legal contentions and arguments advanced by Wells Fargo are warranted by existing law; the factual contentions in support of its motion have evidentiary support; and Wells Fargo's position is reasonably based on belief or lack of information to the contrary.  In other words, there is no basis for Rule 11 sanctions.

Schueller's motion for sanctions is premised upon his disagreement with an opponent's position.  In this vein, it is worth noting that Schueller is a law-trained *pro se* litigant and frequent filer of various and sundry lawsuits, who often accuses his opponent or trial judges assigned to the

case of misconduct and any manner of wrongdoing.[3]   For example, in Schueller v. Attorney General, et al., CIV 06-659, Schueller sought Rule 11 sanctions against the State's Attorney General for allegedly mischaracterizing the nature of Schueller's lawsuit.

In the motion to dismiss Schueller's 42 U.S.C. § 1983 complaint, the Attorney General argued that the underlying state tort claim was nothing more than a dispute between Schueller and his neighbors in Valencia County, New Mexico, which Schueller was seeking to elevate into a federal lawsuit. [Doc. 4 in CIV 06-659.]  Schueller, offended by the motion to dismiss, accused the Attorney General of advancing "[a] motion founded on untruths [and] one not made in good faith." [Doc. 8 (Schueller's motion for Rule 11 sanctions, p. 6.]  He described the Attorney General's motion to dismiss as an "anathema to the court," asserted that the Attorney General was engaged in telling a "bald faced lie," [Id., pp., 6, 9, 10], "was disingenuous with the court, and that the Attorney General's dishonesty should not be tolerated."  [Id., pp. 5, 11.]  He concluded that the Attorney General's motion was "replete with lies, mischaracterizations and distortions." [Id., p. 11.]

---

[3]A quick search of the Court's own docket shows that Schueller has filed or is currently prosecuting a number of cases.  See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of its own records and those of official state court proceedings).  Schueller has never won a case in this district on motion or trial, but it appears that defendants, recognizing the costs of his litigation, have paid settlement amounts in some cases to buy peace.  Schueller v. Wood, et al., CIV 02-1186 MV/RLP; Schueller v. Qwest Communications, CIV 02-1517 MV/DJS; Schueller v. Citibank, Inc. et al., CIV 03-1238 BB/DJS; Schueller v. Martinez-Coplen et al., CIV 04-616 MV/WDS; Schueller v. Attorney General et al., CIV 06-659 MCA/DJS; Schueller v. Farmers Ins. Group, CIV 07-1084 MCA/RLP; Schueller v. General Electric Co., et al., CIV 11-779 RHS/ACT.

A Westlaw search similarly shows numerous cases filed elsewhere.  Again, there is no record of a successful prosecution through trial, and each of the following cases prosecuted by him were dismissed:  Schueller v. TRW Info. Servs, 892 F.2d 1046 (9th Cir. 1989); Schueller v. Mt. Diablo Judicial Dist., 65 F.3d 175, 1995 WL 499 512, (9th Cir. 1995); Schueller v. Edgar et al., 79 F.3d 1154, 1996 WL 111583 (9th Cir. 1996); Schueller v. Minney, et al., 76 F. App'x 132, 2003 WL 22145853 (9th Cir. 2003); Capitol One Bank, U.S.A. v. Schueller (Schueller's counterclaim), 2010 WL 4621709 (N.M. Ct. App., July 26, 2010); Schueller v. Lyon Moving and Storage, 444 U.S. 988 (1979); Schueller v. TRW, 833 F.2d 1017 (9th Cir. 1987).

Schueller sought a sanction award against the Attorney General sufficient to cover all of his expenses and to serve as an effective deterrent to the alleged wrongful behavior.

The court was not impressed, and not only denied the request for sanctions, but also dismissed Schueller's lawsuit. [Doc. 24, in CIV 06-659.]  In doing so, the trial judge, the Honorable M. Christina Armijo wrote:

> In this case, Plaintiff asserts that the representations of Defendants' counsel do not meet this standard [of Rule 11], because counsel for Defendants disagrees with or disputes many of Plaintiff's legal contentions.
>
> In light of the Court's disposition of Defendant's *Motion to Dismiss*, the Court already has determined that Defendants' legal contentions concerning the ripeness of Plaintiff's takings and due-process claims, as well as the viability of Plaintiff's equal-protection claim, are warranted by the existing law and do not rely on frivolous arguments. Accordingly, Fed. R. Civ. P. 11 does not provide grounds for imposing sanctions on Defendants or their counsel, and Plaintiff's *Motion for Sanctions* must be denied.

[Doc. 24, pp. 14-15].

Schueller's unsuccessful request for Rule 11 sanctions in <u>Schueller v. Attorney General</u> was not his only failure in this district to obtain sanctions against opposing parties.  In <u>Schueller v. Farmers Ins. Group</u>, CIV 07-1084 MCA/RLP, Schueller was similarly upset when defendant filed its corporate disclosure statement required by Fed. R. Civ. P. 7.1, and when it filed a response opposing Schueller's request for a default judgment against Farmers Insurance Group.[4]  As before, Schueller disagreed with Farmers' position and its attorneys' arguments, and, in strong language, contended that Farmers' attorneys acted "dastardly and mendacious," claiming that defendants were

---

[4]A corporate disclosure statement is simply a tool to alert the court of members of a defendant's corporate family to assist the court in determining if financial circumstances related to corporate structure require recusal.

5

liars and accused his opponent of "hubris" in reference to defendant's corporate disclosure. [Doc. 22, 62, 67.]  Indeed, Schueller's harsh language caused Judge Armijo to state:

> The Court takes this opportunity to instruct the Plaintiff [Schueller] that though he is pro se, he is expected to conduct this litigation without resort to gratuitous or *ad hominem* attacks on counsel or parties.  *See, e.g.*, Plaintiff's reply to the motion to strike [Doc. 22 at 3, referring to Defendant Foremost as "dastardly and mendacious"], [Id. at 5, stating that "Foremost is a liar"], and Plaintiff's reply in support of his request for default judgment [Doc. 13 at 3, accusing defense counsel of hubris"].

[Doc. 85 at 2-3.]

Judge Armijo denied Schueller's request for sanctions.  She wrote that Schueller was "mistaken in his interpretation" of the document which cause such great offense.  Indeed, she found the Corporate Disclosure Statement consistent with requirement 10-K filings with the Securities and Exchange Commission.  Judge Armijo found Schueller's legal arguments without merit [Doc. 85 at 10] and concluded, "In short, Plaintiff has failed to show that there are any misrepresentations in Foremost's Corporate Disclosure Statement.  The motion for sanctions therefore will be denied."  The result of this ruling, and apparently other rulings favorable to defendant, did not sit well with Schueller who promptly filed a Motion and Affidavit to Recuse the Honorable M. Christina Armijo, United States District Judge [Doc. 88]:

> [F]or the reasons that said judge is biased and prejudiced against the plaintiff and for the further reasons that she has pro-business & pro-attorney biases and prejudice, all as more particularly appears in the Affidavit . . . .

[Id. at 1].

In his motion directed to Judge Armijo, Schueller accused her of behaving in a manner "inconsistent with that which is needed for full, fair impartial hearings." [Id. at 2].  His Affidavit, outlining the "perceived biases & prejudices" of Judge Armijo include "she indiscriminately allows

the defendant and its counsel to misuse the truth and/or perpetrate outright falsehoods." [Id., Affidavit, at ¶ 2.]  He claimed that "the judge appeared to have taken the position that truth is subjectively relative (the *'fallacy of truth'*, which has become ubiquitous)," and that the judge's view "is untenable and ignores objective reality." [Id. at ¶ 2(f).]  Because the trial judge denied his motion for sanctions, he accused the trial judge of being "disingenuously inconsistent and exhibiting a bias favoring defendant and its counsel" [Id. at ¶ 3(c).]  Further, after Judge Armijo cautioned Schueller about *ad hominem* attacks in the footnote to her opinion, he argued, "The judge's characterization that this is an *ad hominem* attack on the attorney is clearly indicative of her pro-business bias and pro-attorney partiality, with all other considerations (such as the truth) taking the hindmost." [Id. at ¶ 3(e).]  Calling her admonition to refrain from such *ad hominem* attacks, he claimed that "the judge's assertion and caution was nothing more than a gratuitous insult in keeping with her false assessment of the case."  He accused the trial judge of "condoning hypocrisy, untruth and fraud," [Id. at ¶ 5(c) and concluded that Judge Armijo demonstrated "apparent proclivity & propensity to misjudge." [Id. at ¶ 7(e).]

Judge Armijo's cautionary words about Schueller's invective, abuse, and choice of words in his pleadings failed to correct his conduct.  Schueller's motion and reply, in this case, are replete with the same insults hurled at the defendants and their attorneys in both Schueller v. Farmers Ins. Group, et al. and Schueller v. Attorney General, et al..

Similar to Judge Armijo, the undersigned referral Magistrate Judge, cautions Schueller that the filing of Rule 11 motions, when done for an ulterior purpose of harassing, increasing costs, or

as a trial tactic to compel a settlement, is itself a violation of Rule 11, and sanctions, including substantial monetary sanctions, can be imposed.[5]

## **Recommendation**

For the foregoing reasons, the Court finds no basis in fact or in law for the award of sanctions against Wells Fargo or its attorneys, and recommends that the trial Court deny the motion.

*Lorenzo F. Garcia*

Lorenzo F. Garcia
United States Magistrate Judge

---

[5]Wells Fargo only requested denial of Schueller's motion for sanctions.  It did not request attorney fees or costs.

8